**[J-99-2018][M.O. - Todd, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| S & H TRANSPORT, INC., | : | No. 8 MAP 2018 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court at No. 242 CD |
| | : | 2017 entered 10/5/17 reversing the |
| v. | : | order of the Court of Common Pleas of |
| | : | York County, Civil Division, at No. 2012- |
| | : | SU-4143-54, dated 2/7/17, entered |
| CITY OF YORK, | : | 2/9/17 |
| | : | |
| Appellee | : | ARGUED:  December 5, 2018 |

**CONCURRING OPINION**

**CHIEF JUSTICE SAYLOR**                                           **DECIDED:  July 17, 2019**

I respectfully differ with the majority's conclusion that the Regulation's exclusion for freight delivery or transportation charges paid by the seller for the purchaser applies. *See* Majority Opinion, *slip op.* at 18-19.  From my point of view, this exclusion merely effectuates the parallel requirement for exclusion of the LTEA, and the majority's rationale pertaining to the inapplicability of this legislative requirement for exclusion applies equally to the exclusion in the Regulation.  *See* Majority Opinion, *slip op.* at 16-17; *accord S&H Transp., Inc. v. City of York*, 174 A.3d 679, 683 (Pa. Cmwlth. 2017) ("S&H is neither the seller nor the purchaser in the transaction at issue but merely a broker of services[;] S&H also is not a freight carrier, does not transport anything and does not sell anything that is transported[;] [i]t simply does not fall within the plain language of the exclusion.").

I am persuaded, however, by the company's argument that, since it serves as a mere conduit relative to monies owed to the shipper, those funds should not be included in the calculation of S&H's gross receipts. *Accord Brim Healthcare, Inc. v. Taxation and Rev. Dep't*, 896 P.2d 498, 501 (N.M. 1995) (discussing a state policy of "excluding from the gross receipts tax, money that a party receives as a trustee or agent"); *City of Los Angeles v. Clinton Merchandising Corp.*, 375 P.2d 851, 855 (Cal. 1962) (reasoning that a license tax ordinance "includes as 'gross receipts' those sums received for the use and benefit of the taxpayer and excludes those receipts which are held for the account of another"); *cf. In re Computrex, Inc.*, 403 F.3d 807, 811-12 (6th Cir. 2005) (discussing, in the bankruptcy setting, brokers in the sense as serving as a mere conduit relative to monies paid for brokered services, akin to the role of a disbursing agent or bailee).

As the California Supreme Court has stated, and consistent with the Pennsylvania policy of strictly construing statutes and ordinances imposing taxes, *see* Majority Opinion, *slip op.* at 15, "[i]f the draftsmen further intended that no deduction should be made for monies received on account of another, they would have so stated." *Clinton Merchandising*, 375 P.2d at 855. In this regard, I find pass-through payments to be materially distinguishable from the "business related expense[s]" that are expressly incorporated into gross receipts under the Regulation. *See* Majority Opinion, *slip op.* at 5 (quoting BPT Regulation §201).